CIPRIANO MANRIQUE-GIL, Plaintiff and Appellant, v. CARLOS AGUAYO-MARTÍ ET AL., Defendants and Appellants.

No. 3918.   Argued February 16, 1927.—Decided July 26, 1927.

*Henry G. Molina* for the defendant-appellants. *González Fagundo & González Jr.* for the plaintiff-appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The earlier history of the present controversy may be found in *Goffinet* v. *Manrique,* 34 P.R.R. 483, and *Manrique* v. *Aguayo Martí,* 35 P.R.R. 362.

In July, 1918, Gregorio Solá and his creditors, including Cipriano Manrique and the Goffinet brothers, entered into an agreement whereby the Goffinets were to supply money needed to carry on the cultivation of certain cane plantations, the payment of rental and other expenses, under contracts for agricultural advances subsequently to be executed, and after reimbursement were to distribute among the other creditors any surplus remaining out of the proceeds of the sugar manufactured and sold. It was expressly and specifically agreed that the net proceeds were to be placed at the disposition of the contracting creditors.

Upon the representation of Manrique that he had acquired the claims of the other creditors except that of the Goffinets, the surplus sugar was sold to him and at his request he was charged with the total amount outstanding in the name of such other creditors and credited with the price of the sugar so purchased by and delivered to him. Later Aguayo brothers sued the Goffinets and they in turn sued Manrique for some seven hundred dollars, the amount of an outstanding indebtedness which had never been transferred or assigned to Manrique as claimed by him and therefore had been paid to him by mistake.

Manrique in his answer set up two subsequent contracts for agricultural advances, one for money supplied by Antonio Longo and transferred by Longo to Manrique and another

entered into by Gregorio Solá Delgado directly with Manrique. This averment is set forth in full and discussed in *Goffinet* v. *Manrique, supra.*

The present suit was brought to establish a preference in favor of the two contracts last above mentioned and to recover from the Goffinets an amount equal to that of the Aguayo claim as well as the personal claim of plaintiff against the estate of Gregorio Solá Delgado.

In addition to the matters set up by way of defense in the former suit, the complaint herein alleges that some $8,000 of the Goffinet indebtedness paid by plaintiff pursuant to the order of a judicial administrator of the Solá estate, as a part of the purchase price of the sugar in question, was a mere personal claim unsecured by any lien upon the said sugar; that the clause contained in the agreement of 1918 providing for the custody and distribution by the Goffinets of the sugar to be ground in 1920 was an absolute nullity for want of authority on the part of the agent and attorney in fact of the said Goffinets to bind his principal by such stipulation; that the money recovered in the former suit had been received by Manrique in part payment of what was due him under his contracts for agricultural advances which, as a result of that judgment, remain in part unsatisfied; that the said contracts, having been placed upon record, were and are superior to the personal claim of Aguayo brothers with reference to the sugar produced by the Solá plantations, and that the Aguayo claim in turn is prior in date and therefore superior to that of the Goffinets for the unsecured sum of more than eight thousand dollars collected by them; that plaintiff also has a personal claim against Gregorio Solá Delgado for $2,959.47 acknowledged by him in the agreement of 1918 and is the assignee of N. Santini & Co., Caraballo & Co., and J. V. Ruiz & Co. as to specified amounts likewise acknowledged to be due and owing to these creditors at the time of said agreement, all of which are superior to the

Aguayo claim; and that the judgment obtained in the former suit is the result of an action instituted in bad faith and for the purpose of obtaining a wrongful advantage over plaintiff herein by falsifying the amount of the agricultural advances made by the Goffinets, which was represented to be $14,279.84 when it was in reality only $6,000.

At the threshold of the trial plaintiff was permitted to file an amended complaint, previously served upon defendants, in which it is further alleged that the theory upon which the former judgment against Manrique was rendered was that he had received from the Goffinets the amount of the Aguayo claim; that this theory was erroneous inasmuch as Manrique had never received from them for such purpose or for any other any money or property whatsoever; that therefore upon payment of such judgment the Aguayo claim would be satisfied and that of Manrique as assignee of Longo to that extent would remain unpaid; that the Longo claim is superior to that of Aguayo because the one is a recorded lien for agricultural advances and the other a mere personal debt; that Manrique had likewise acquired the claims of N. Santini & Co., Ruiz & Co., and Caraballo & Co., acknowledged in the agreement of 1918 and that these claims, together with one of like character held by Manrique, and his claim for agricultural advances, remained wholly unpaid and were acknowledged to be so by the debtor succession in the instrument of partition executed in February, 1921; that the common claim of the Goffinets acknowledged in the agreement of 1918 was included by them as an item in the contract for agricultural advances subsequently executed and as such was collected by them, the result being an undue preference over other creditors of the same class, namely, Manrique and Aguayo; that out of the total amount collected by the Goffinets by way of reimbursement for agricultural advances under cover of two recorded contracts, the sum of $1,537.59 only was entitled to preference, that being the only amount

appearing upon the registry as having been received by the debtor because the other sums referred to in the said contracts were for future delivery and such delivery was never made to appear in the registry during the life of those contracts; and that the Goffinets by collecting the full amount of their claim obtained an undue preference over .the claims of Manrique and Aguayo, which were of prior date and recognized in the agreement of 1918, and which are still unpaid.

Defendants, in addition to a general denial, set up as separate and independent defenses, among others, that plaintiff was estopped by his own conduct in connection with the various transactions enumerated in the complaint, and especially in that it appears therefrom that in the previous action prosecuted in the same court and mentioned in the said pleading, plaintiff was afforded an opportunity to assert the right now claimed and took no action at that time; and that the supposititious right alleged in the complaint and the facts set forth therein as the alleged basis of such supposed rights were determined, or might have been determined in the previous case already referred to, wherein a final judgment had been rendered before the institution of the present action.

Plaintiff appeals from an adverse judgment and submits that the court below erred in not holding the agreement of 1918 to be void for want of a sufficient power of attorney as alleged in the complaint. The averment last mentioned was made upon information and belief and no evidence was adduced in· support thereof. Appellant relies entirely upon an implied admission said to be contained in one of the special defenses wherein section 1268 of the Civil Code was pleaded in bar. The admission involved would be at most an admission that the contract in question was voidable but not void. Indeed the whole of appellant's argument hinges upon the proposition that section 1268 is not applicable to void contracts. But, be this as it may, the theory that plaintiff

was relieved from the necessity of proving his case by an admission in the answer utterly ignores the general denial contained in the first paragraph of that pleading, to say nothing of the question as to estoppel by conduct in connection with the disposition of the sugar deposited with the Goffinets pursuant to the terms of the clause now challenged for the first time, and in connection with the proposed distribution of the proceeds.

Another proposition is that the district court erred in holding that the question as to priority of claim was *res judicata*.

Here we are referred to 8 Manresa 586, section 1219 of the Revised Civil Code and *Falú* v. *Agricolt*, 34 P.R.R. 150.

The solitary sentence quoted from Manresa, who cites in turn a decision of the Supreme Court of Spain dated September 28, 1897, need not be discussed at this time.

*Falú* v. *Agricolt, supra,* was a border line case. Falú had obtained a judgment in the court below and the facts disclosed by the record plainly indicated that substantial justice had been done. The situation demanded an affirmance if a reversal could be avoided. Falú had not been made a party to the previous suit by plaintiffs therein, and was not a necessary party, but was subsequently cited by the defendant in that action as a warrantor of defendant's title. As pointed out in the opinion, the failure of Falú to appear in that action was inexplicable. The question of *res judicata* as there presented was embarrassing but purely technical and, in order to satisfy the demands of substantial justice, was met by a technical distinction.

We find nothing in the instant case to warrant the conclusion that it constitutes an exception to the general rule.

"Res judicata is a rule of universal law pervading every well regulated system of jurisprudence, and is put upon two grounds, embodied in various maxims of the common law; the one, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation—interest republicae ut

sit finis litium; the other, the hardship on the individual that he should be vexed twice for the same cause—nemo debet bis vexari pro eadem causa.'' 34 C. J. 743.

"A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.'' 34 C. J. 818; *Peñalosa* v. *Tuason,* 22 Philippine Rep. 303.

The question is not a new one in this jurisdiction. Both aspects of the matter have been fairly covered by our previous decisions which are in full consonance with the general principles outlined in the text quoted above. *González* v. *Méndez,* 15 P.R.R. 682; *Calaf et al.* v. *Calaf,* 17 P.R.R. 185; *Ninlliat* v. *Suriñach et al.,* 18 P.R.R. 193; *Ninlliat* v. *Suriñach,* 27 P.R.R. 69; *Catholic Church* v. *Municipality of Bayamón.* 27 P.R.R. 789, and cases cited.

Counsel for appellant seeks to distinguish the previous case of *Goffinet* v. *Manrique, supra,* upon the ground that the same was an action for money had and received, based on section 1796 of the Civil Code and upon the theory that the money in question had been paid through a mistake of fact, that is to say, in the mistaken belief that Manrique was the assignee of Aguayo brothers,—while the present action is based upon the theory of superior rights or preferred claims arising out of the fact that from the proceeds of the cane ground in 1920, belonging to the Solá estate, Manrique received only the amount due him as assignee of the contract for agricultural advances made by Antonio Longo; that being obliged by the former judgment to part with $788.49 of this amount the said claim remained unsatisfied to that extent, wherefore plaintiff now prays that the same be decreed and adjudged superior to the Goffinet claim for agricultural advances and that a like preference be established in favor of plaintiff's personal claim of 1918, and in favor of the

claims assigned to plaintiff by N. Santini & Co., J. V. Ruiz
& Co., and V. Caraballo & Co. It is also urged that the
former suit was for the exclusive benefit of Aguayo brothers
and that plaintiff does not seek to disturb the judgment in
their favor or to dispute their right; that the former suit
could have been brought by Aguayo brothers against Man-
rique; that the Goffinets were not necessary parties thereto
and claimed nothing for themselves; that in the present
controversy Aguayo is a nominal party, nothing is demanded
of him and he is not a necessary party; that Manrique now
appears not as the defendant but as plaintiff, in his own right
and as assignee of other creditors and that two actions are
practically embodied in the complaint now under considera-
tion.

But, as pointed out by counsel for appellees, the present
proceeding like the former seems to be at bottom a suit for
the recovery of money paid through alleged mistake, the
essential difference being that here the mistake, if any, was
not a mistake of fact but of law. It is not pretended that
the money paid to the Goffinets upon the order of Solá and
in settlement of his debt was not due and owing by him at
the time, or that the money was so paid because of any false
representation of fact by the Goffinets, but the pleadings and
the evidence as a whole give the impression in general that
it did not occur to plaintiff, or did not seem to be a matter
of importance at the time, that he was the owner of certain
preferred claims; that some of the legal grounds upon which
such claim to superiority might have been based in the
former action were not discovered until after judgment had
been rendered therein and that others were not brought to
light until after the original complaint herein was filed.

Nor can it be said that no basis for a claim of preference
was laid in the defense set up in the former action merely
because the facts constituting the basis of such claims were
not so fully elaborated and no conclusions of law were set

forth in the answer. The opinion of this court in *Goffinet* v. *Manrique, supra,* not only discloses the fact that a question of preference was actually raised but definitely disposes of that question as presented at the time.

The agreement of 1918 was construed by the court below in the instant case, and by this court in the case of *Goffinet* v. *Manrique, supra,* as excluding the idea of subsequent contracts for agricultural advances which would take precedence over those about to be entered into by Solá with the Goffinets. It is not likely that the Goffinets would have parted with their money upon the understanding that their right to reimbursement was to be subordinated to claims arising out of such subsequent contracts. Manrique was a party to the original agreement and the claim of Antonio Longo had been expressly postponed and subordinated by him to that of the Goffinets. Clauses (*c*) and (*d*) of the creditors' agreement are set forth in full in *Goffinet* v. *Manrique, supra,* and need not be analyzed here in detail in order to show that, construed together, they are not open to the interpretation sought to be placed thereon by appellant.

Defendants also appeal and insist that the court below erred in not awarding costs to defendants. In this we concur.

What was said by this court with reference to the question of costs in the previous case of *Goffinet* v. *Manrique* applies *a fortiori* to that question as presented in the case at bar. See also *Central Pasto Viejo* v. *Aponte,* 34 P.R.R. 849.

The judgment appealed from will be modified, imposing the costs on the plaintiff, and, as modified, affirmed.